UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Daisy Santana | ) | Case No. 14-26471 |
| | ) | |
| Debtor. | ) | Judge Jack B. Schmetterer |
| | | |
| Daisy Santana | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 14-817 |
| | ) | |
| Bank of America, N.A. | ) | |
| | ) | |
| Defendant | ) | |

### ~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to Plaintiff's motion for the entry of a default judgment against the Defendant *the Court Makes and enters* and the entry of default against the Defendant by the court; ~~Plaintiff hereby submits the~~ following ~~proposed~~ Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1.    On December 2, 2014, Plaintiff filed this adversary proceeding pursuant to Fed. R. Bankr. P. 7001(2) to determine the validity, priority, or extent of the liens held by the Defendant against the real property owned by the Plaintiff. This adversary proceeding includes an objections to a claim as provided by Fed. R. Bankr. P. 3007(b).

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3.    This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A)(B)(K) and (O).

1

4.     Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1409(a).

5.     Plaintiff, Daisy Santana, is an individual that resides in Cook County, Illinois.

6.     Defendant Bank of America ("Bank of America") is a national bank.

7.     The Plaintiff commenced a voluntary chapter 11 bankruptcy case (the "Case") by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 *et seq.* (the "Bankruptcy Code") on July 18, 2014 in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Court").

8.     At the time the Case was filed, Plaintiff was the owner of the real property located at 2934 North McVicker, Chicago ( the "Property").

9.     On August 13, 2014 Plaintiff filed Schedule A which lists the value of the Property at $120,186.00 and the amount of the secured claims against the Property at $233,899.00.

10.     Green Tree Servicing holds a first morgage against the Property in the amount of $185,585.02 based upon a mortgage against the Property recorded on  December 5, 2005 as document number 0533905313 with the Cook County Recorded of Deeds.  On October 31, 2014 Green Tree Servicing filed proof of claim number 8.

11.     Defendant holds a second mortgage against the Property based upon a mortgage in the principal amount of $48,000.00 recorded on December 5, 2005 as document number 0533905314  with the Cook County Recorder of Deeds.

12.     There is no equity in the Property to secure Defendant second mortgage claim. The value of the Property which is $120,186.00 is less than the amount of the first mortgage held by Green Tree Servicing in the amount of $185,585.02.

13.   On August 13, 2014, Plaintiff  filed Schedule F which lists unsecured claims without priority.  Plaintiff listed the Defendant's unsecured  mortgage deficiency claim in the amount of $57,463.00. The claim is listed as disputed. *The claim's bar date* *)

*10/31/14  has set anthotices*

14.   Defendant did not file a proof of claim for its secured or unsecured claims against the Property or the Debtor.

COUNT I
2934 NORTH MCVICKER
(Disallowance of Secured Claim)

15.   Under §§ 506(a) and 506(d) of the Code, Defendant's secured claim against 2934 North McVicker is an allowed secured claim only to the extent of the value of the estate's interest in the property securing the claim.

COUNT II
DISALLOWANCE OF UNSECURED CLAIM

16.   On July 21, 2014, Defendant was sent notice of the filing of the Plaintiff's chapter 11 case.

17.   On August 21, 2014 the Court set October 31, 2014 as the last date for Creditors holding unsecured claims to file proofs of claims.

18.   On August 22, 2014 Defendant was served notice of the entry of the order setting October 31, 2014 as the last day to file proofs of claim.

19.   Defendant did not file a proof of claim for its unsecured deficiency claim.

## CONCLUSIONS OF LAW

20. 11 U.S.C. §§ 506(a)(1), (b) and (d) state:

> "(a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.
>
> \*  \*  \*
>
> (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.
>
> \*  \*  \*
>
> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."

21.     Section 506 governs the definition and treatment of secured claims. It provides that a claim is secured only to the extent of the value of the property upon which the lien is fixed, and the remainder of the claim is unsecured. *United States v. Ron Pair Enterprises*, 440 U.S. 48, 54-55, 99 S.Ct 914, 918, 59 L.Ed.2d 136 (1993).

22.     Under §§ 506(a) and 506(d) of the Code, Defendant's secured claim against each of the properties is an allowed secured claim only to the extent of the value of the estate's interest in the properties which secure the claims.

23.     There is no value in 2934 North McVicker to secure Defendant's claim. Defendant's secured claim against 2934 North McVicker must be disallowed and judgment entered in favor of the Plaintiff on Count I of the Complaint.

4

24.     Bankruptcy Rule 3003(c)(2) provides: "Who Must File. Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."

25.     In In re *Dartmoor Homes, Inc.* 175 B.R. 659, 664 (Bankr. N.D. Ill 1994), the court discusses the effect of a creditors failure to file a proof of claim when required to do so in a chapter 11 case.

> A creditor in a chapter 11 case is not necessarily required to file a proof of claim. If a claim is scheduled as undisputed, liquidated, and noncontingent, the creditor either can accept the amount scheduled as the amount of its claim or may file a claim asserting another amount. 11 U.S.C. §§ 501, 1111(a); Fed.R.Bankr.P. 3003. However, if a debtor's schedules list a claim as contingent, disputed, or unliquidated, or if the claim is omitted from the schedules altogether, the creditor must file a timely proof of claim to be treated as a creditor for purposes of voting and distribution. 11 U.S.C. § 1111(a); Fed.R.Bankr.P. 3003(c)(2).[12] If a scheduled creditor does not file a timely proof of claim when it is required to do so, that creditor is in the worst of all worlds: it cannot participate in plan voting, will receive no distributions under the plan, and will have its claim discharged, should the debtor receive a discharge. Fed.R.Bankr.P. 3003(c)(2). Unlike in a Chapter 7 case, a creditor that fails to file a required proof of claim in a Chapter 11 case does not even get a subordinated claim against the debtor. *Compare* 11 U.S.C. § 726; Fed.R.Bankr.P. 3003(c)(2). Instead, in effect the late claim simply no longer exists for purposes of the Chapter 11 case.

See also, *In re Agribank*, 188 B.R. 982 (C.D. Ill. 1995).

26.     Defendant's unsecured claim against the Plaintiff  must be disallowed due to Defendant's  failure to timely file a proof of claim as required by Bankruptcy Rule 3003(c)(2) and the judgment entered in favor of the Plaintiff on Count II of the Complaint.

27.    Defendant has not filed an appearance, an answer or other responsive pleading to the Complaint.

28.    Plaintiff is entitled to the entry of a default judgment against Defendant on Counts I and II of the Complaint pursuant to Bankruptcy Rule 7055.

Respectfully submitted:
DAISY SANTANA
By:  /s/Karen J. Porter
One of their attorneys

*Judge*

*March 6, 2015*

Karen J. Porter
**PORTER LAW NETWORK**
230 West Monroe, Suite 240
Chicago Illinois 60606
312-675-0665
Facsimile 312-675-0334
Attorney No. 6188626